IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRACEY AMBEAU HANSON, | ) | Case No. |
| 76 Seaton Place, N.W. | ) | |
| Washington, DC 20001 | ) | **COMPLAINT** |
| | ) | |
| GILLIAN ST. LAWRENCE, | ) | |
| 3309 P St., N.W. | ) | |
| Washington, DC 20007 | ) | |
| | ) | |
| PAUL ST. LAWRENCE, | ) | |
| 3309 P St., N.W. | ) | |
| Washington, DC 20007 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SECOND AMENDMENT FOUNDATION, INC. | ) | |
| 12500 N.E. 10th Place | ) | |
| Bellevue, WA 98005 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| Serve: Mayor Adrian Fenty | ) | |
| c/o Office of Attorney General | ) | |
| 1 Judiciary Square | ) | |
| 441 4th Street, N.W., 6th Fl. South | ) | |
| Washington, D.C. 20001 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CATHY LANIER, | ) | |
| 300 Indiana Avenue, N.W. | ) | |
| Washington, DC 20004 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, Tracey Ambeau Hanson, Gillian St. Lawrence, Paul St. Lawrence, and Second Amendment Foundation, Inc., by and through undersigned counsel, and complain of the defendants as follows:

### THE PARTIES

1.      Plaintiff Tracey Ambeau Hanson is a natural person and a citizen of the United States and of the District of Columbia.

2.      Plaintiff Gillian St. Lawrence is a natural person and a citizen of the United States and of the District of Columbia.

3.      Plaintiff Paul St. Lawrence is a natural person and a citizen of the United States and of the District of Columbia.

4.      Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide, including Washington, D.C. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

5.      Defendant District of Columbia is a municipal entity organized under the Constitution and laws of the United States.

6.      Defendant Cathy Lanier is the Police Chief of the District of Columbia's Metropolitan Police Department. Defendant Lanier is responsible for executing and administering the District of Columbia's laws, customs, practices, and policies at issue in this lawsuit; has

2

enforced the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs and practices against plaintiffs. Defendant Lanier is sued in both her individual and official capacities.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

8.     Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

9.     The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

10.     At a minimum, the Second Amendment guarantees individuals a fundamental right to possess handguns in the home. The handguns whose possession is protected by the Second Amendment are those of the kind that are or would be in common use by law-abiding people for lawful purposes.

*Defendants' "Handgun Roster" Scheme*

11.     D.C. Code § 7-2502.01(a) provides that "no person or organization in the District shall possess or control any firearm, unless the person or organization holds a valid registration certificate for the firearm."

12.     D.C. Code § 7-2502.02(a) provides that "a registration certificate shall not be issued for . . . (5) an unsafe firearm prohibited under Section 504."

3

13.    A first violation of the District of Columbia's ban on the ownership or possession of unregistered handguns within the home for lawful purposes is punishable as a misdemeanor by a fine of up to $1,000, imprisonment of up to one year, or both. A second offense is punishable as a felony by a fine of up to $5,000, imprisonment of up to five years, or both, in the case of a non-registerable firearm. D.C. Code § 7-2507.06.

14.    Section 504(a) of the Firearms Control Regulations Act of 1975, as amended December 16 2008, provides "Except as provided in subsections (c), (d), or (e) of this section, beginning January 1, 2009, a pistol that is not on the California Roster of Handguns Certified for Sale, (also known as the California Roster of Handguns Determined Not to be Unsafe), pursuant to California Penal Code § 12131, as of January 1, 2009, may not be manufactured, sold, given, loaned, exposed for sale, transferred, or imported into the District of Columbia."

15.    The California approved handgun roster adopted by Defendants to limit the availability of handguns in the District of Columbia is irrational and arbitrary, and excludes innumerable guns whose possession is protected by the Second Amendment.

16.    California Penal Code § 12125(a) provides, "Commencing January 1, 2001, any person in this state who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, offers or exposes for sale, gives, or lends any unsafe handgun shall be punished by imprisonment in a county jail not exceeding one year."

17.    California Penal Code § 12126 bars from the approved handgun roster "any pistol, revolver, or other firearm capable of being concealed upon the person, as defined in subdivision (a) of Section 12001" that either fails to meet the firing requirement for handguns pursuant to California Penal Code § 12127 or the drop safety requirement for handguns pursuant to California

4

Penal Code § 12128. California Penal Code §§ 12126(a)(2), (3), (b)(2), (3).

18.    A revolver is barred from the approved handgun roster if "[i]t does not have a safety device that, either automatically in the case of a double-action firing mechanism, or by manual operation in the case of a single-action firing mechanism, causes the hammer to retract to a point where the firing pin does not rest upon the primer of the cartridge." California Penal Code § 12126(a)(1).

19.    A semi-automatic handgun is barred from the approved handgun roster if "[i]t does not have a positive manually operated safety device, as determined by standards relating to imported guns promulgated by the federal Bureau of Alcohol, Tobacco, and Firearms." California Penal Code § 12126(b)(1).

20.    A center-fire semi-automatic handgun is barred from the approved handgun roster if it is not grandfathered on the list prior to 2007, and "does not have both a chamber load indicator and if it has a detachable magazine, a magazine disconnect mechanism." California Penal Code § 12126(b)(5). A handgun that fails to meet this definition is not eligible for "safety" testing. California Penal Code § 12130(d)(2).

21.    The California Department of Justice often rejects chamber load indicators which, in its view, do not sufficiently meet the requirement, calling for "a device that plainly indicates that a cartridge is in the firing chamber. A device satisfies this definition if it is readily visible, has incorporated or adjacent explanatory text or graphics, or both, and is designed and intended to indicate to a reasonably foreseeable adult user of the pistol, without requiring the user to refer to a user's manual or any other resource other than the pistol itself, whether a cartridge is in the firing chamber." California Penal Code § 12126(c).

5

22.    A rimfire semi-automatic handgun is also barred from the approved handgun roster if it is not grandfathered on the list prior to 2006, and "it does not have a magazine disconnect mechanism, if it has a detachable magazine." California Penal Code § 12126(b)(4). A handgun that fails to meet this definition is not eligible for "safety" testing. California Penal Code § 12130(d)(3).

23.    Listings on the California "safe handgun" roster are valid for one year. 11 Calif. Code of Regulations § 4070(a), (b). "A handgun model listing on the Roster of Certified Handguns must be renewed prior to expiration in order to remain valid." 11 Calif. Code of Regulations § 4071. Renewal is accomplished by returning the renewal notice and a fee. 11 Calif. Code of Regulations § 4071(b), (c). "If the manufacturer/importer or other responsible person fails to comply with these renewal requirements, the handgun model listing shall expire by operation of law at midnight on the date of expiration of the listing and the model will be removed from the Roster." 11 Calif. Code of Regulations § 4071(d).

24.    The California Department of Justice charges firearms manufacturers, importers, and dealers annual fees, ostensibly to operate the "safe handgun" program. California Penal Code § 12131(a)(1). "Any pistol, revolver, or other firearm capable of being concealed upon the person that is manufactured by a manufacturer who manufactures or causes to be manufactured, imports into the state for sale, keeps for sale, or offers or exposes for sale any pistol, revolver, or other firearm capable of being concealed upon the person in this state, and who fails to pay any fee required pursuant to paragraph (1), may be excluded from the roster." California Penal Code § 12131(a)(2).

6

25.     The initial and renewal annual listing fees for inclusion on the "safe handgun" roster are $200. 11 Calif. Code of Regulations § 4072(b).

26.     "Other than the DOJ, only the manufacturer/importer of a handgun model is authorized to submit that handgun model to a DOJ-Certified Laboratory for testing." 11 Calif. Code of Regulations § 4059(c).

27.     A handgun can remain on the roster if its manufacturer/importer goes out of business or discontinues the model, provided that the model is not being offered for sale to licensed dealers, and "a fully licensed wholesaler, distributor, or dealer submits a written request to continue the listing and agrees to pay the annual maintenance fee." 11 Calif. Code of Regulations § 4070(d). So long as a handgun is sold to dealers outside of California, the handgun's manufacturer can cause the sale of that handgun to be forbidden inside California by failing to submit the gun for testing in that state or refusing to pay the annual $200 fee.

28.     "A manufacturer/importer or other responsible party may submit a written request to list a handgun model that was voluntarily discontinued or was removed for lack of payment of the annual maintenance fee." 11 Calif. Code of Regulations § 4070(e).  The request may be approved, and the handgun restored to the "safe gun" roster, provided the fee is paid.

29.     Otherwise safe handguns, that have passed California's "safety" tests, do not become "unsafe" merely because an annual fee is not paid by their manufacturer.

*Narrow and Counter-Productive Nature of the "Handgun Roster" Scheme*

30.     Handguns lacking safety devices are handguns of the kind in common use throughout the United States for lawful purposes, including self-defense.

7

31.    Semi-automatic handguns lacking chamber load indicators and/or magazine disconnect mechanisms are handguns of the kind in common use throughout the United States for lawful purposes, including self-defense.

32.    A handgun safety mechanism may fail or be misused by the user of a handgun.

33.    A chamber load indicator is a mechanical device that may fail or be misinterpreted by the user of a handgun.

34.    A magazine disconnect mechanism is a mechanical device that may fail.

35.    Defendants require that prospective handgun purchasers undergo a five hour gun safety course from a certified instructor. During these courses, instructors certified by Defendants teach the fundamental rule of gun safety holding that all guns should be treated at all times as though they are loaded, to prevent reliance on potentially faulty or misinterpreted mechanical devices and to promote safe gun handling habits. Instructors certified by Defendants teach that reliance on safety mechanisms, chamber load indicators, or magazine disconnect devices is not an appropriate substitute for safe gun handling practices.

*Exemptions from the "Handgun Roster" Scheme*

36.    Section 504(e) of the Firearms Control Regulations Act of 1975, as amended December 16, 2008 provides: "This section shall not apply to: (1) Firearms defined as curios or relics, as defined in 27 C.F.R. § 478.11; (2) The purchase of any firearm by any law enforcement officer or agent of the District or the United States; (3) Pistols that are designed expressly for use in Olympic target shooting events, as defined by rule; (4) Certain single-action revolvers, as defined by rule; (5) The sale, loan, or transfer of any firearm that is to be used solely as a prop during the course of a motion picture, television, or video production by an authorized

8

participant in the course of making that production or event or by an authorized employee or agent of the entity producing that production or event."

37.     Some exemptions from the "handgun roster" scheme adopted by Defendants are also incorporated into California law.

38.     California Penal Code § 12125(b)(3) exempts federally-defined "curios and relics" from the prohibition of California Penal Code § 12125(a).

39.     Title 27 C.F.R. § 478.11 defines "curios or relics" as "Firearms which are of special interest to collectors by reason of some quality other than is associated with firearms intended for sporting use or as offensive or defensive weapons. To be recognized as curios or relics, firearms must fall within one of the following categories: (a) Firearms which were manufactured at least 50 years prior to the current date, but not including replicas thereof; (b) Firearms which are certified by the curator of a municipal, State, or Federal museum which exhibits firearms to be curios or relics of museum interest; and (c) Any other firearms which derive a substantial part of their monetary value from the fact that they are novel, rare, bizarre, or because of their association with some historical figure, period, or event. Proof of qualification of a particular firearm under this category may be established by evidence of present value and evidence that like firearms are not available except as collector's items, or that the value of like firearms available in ordinary commercial channels is substantially less."

40.     California Penal Code § 12125(b)(4) provides an additional exemption for "[t]he sale or purchase of any pistol, revolver or other firearm capable of being concealed upon the person, if the pistol, revolver, or other firearm is sold to, or purchased by, the Department of Justice, any police department, any sheriff's official, any marshal's office, the Youth and Adult

Correctional Agency, the California Highway Patrol, any district attorney's office, or the military or naval forces of this state or of the United States for use in the discharge of their official duties. Nor shall anything in this section prohibit the sale to, or purchase by, sworn members of these agencies of any pistol, revolver, or other firearm capable of being concealed upon the person."

41.    California recognizes various exceptions to its handgun roster law that are not recognized or adopted by Defendants.

42.    It is not illegal in California to import a handgun not on the state's approved handgun roster when moving into the state without the intention of selling it, nor is it illegal in California to possess or use an unrostered handgun that is otherwise lawful to possess or use.

43.    California Penal Code § 12132 provides various exemptions from the approved handgun roster requirements, including private party transfers, intra-familial transfers including gifts and bequests, various loans, and handguns used in Olympic sports.

44.    California Penal Code § 12133 exempts from the approved handgun roster requirements single-action revolvers manufactured prior to 1900 that qualify as curios or relics, single-action revolvers longer than 7 ½ inches with a minimum 5-cartridge capacity, and single-shot pistols with a minimum barrel length of 6 inches and minimum overall length of 10 ½ inches.

*Defendants' Enforcement of the "Handgun Roster" Scheme Against Plaintiffs*:

*Denying Registration of a Handgun Because It Is Not In An Approved Color*

45.    Defendants denied plaintiff Tracey Ambeau Hanson's application to register a Springfield Armory XD-45 Tactical 5" Bi-Tone stainless steel/black handgun in .45 ACP, model number XD9623, as that handgun is not on the California Safe Handgun Roster as adopted by the District of Columbia.

10

46.    Other models of this identical gun – but in different colors – are listed on the approved handgun roster and are thus available to Ms. Hanson: the XD-45 Tactical 5" .45 ACP in black (model XD9621), the XD-45 Tactical 5" .45 ACP in OD Green (model XD9622), and the XD-45 Tactical 5" .45 ACP in Dark Earth (XD9162).

47.    So long as Springfield Armory, the manufacturer of the XD-45, renews these handguns' California registrations, they will remain available for registration under District of Columbia law.

48.    The particular Bi-Tone XD-45 that Ms. Hanson sought to register, however, was not released until after California required newly-listed guns to have a chamber load indicator and magazine disconnect device.  While the identical handguns with a different finish were grandfathered, Springfield Armory could not get the XD-45 in .45 ACP and Bi-Tone finish registered given the new listing requirements.

49.    The XD-45 Bi-Tone in .45 has a loaded chamber indicator, but the California Department of Justice has decided it does not qualify under Penal Code § 12126(c).

*Denying Registration of a Handgun Previously Listed on the Roster*

50.    Defendants denied plaintiff Gillian St. Lawrence's application to register a Para USA (Para Ordnance) P1345SR / Stainless Steel .45 ACP 4.25", as that handgun is not on the California Approved Handgun Roster as adopted by the District of Columbia.

51.    Ms. St. Lawrence's Para USA P1345SR was listed on California's Approved Handgun Roster until December 31, 2005, when it was discontinued and its listing not renewed.

*Denying Registration of a Handgun Held Protected Under the Second Amendment*

52.    Defendants denied plaintiff Paul St. Lawrence's application to register a High

11

Standard Buntline style revolver, as that handgun is not on the California Approved Handgun Roster as adopted by the District of Columbia.

53.      Mr. St. Lawrence's revolver is identical to the gun Defendants were ordered to register by the United States Supreme Court in *District of Columbia* v. *Heller*, 128 S. Ct. 2783 (2008), because its possession was deemed protected by the Second Amendment. Defendants did, in fact, issue a registration certificate for the handgun at issue in the *Heller* case.

**FIRST CLAIM FOR RELIEF**
**U.S. CONST., AMEND. II, 42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

54.      Paragraphs 1 through 53 are incorporated as though fully stated herein.

55.      Plaintiff Tracey Ambeau Hanson's Springfield Armory XD-45 is an arm whose possession is protected by the Second Amendment.

56.      Plaintiff Gillian St. Lawrence's Para USA P1345SR is an arm whose possession is protected by the Second Amendment.

57.      Plaintiff Paul St. Lawrence's High Standard revolver is an arm whose possession is protected by the Second Amendment.

58.      By maintaining and enforcing a set of laws banning the private ownership and possession of handguns whose possession is protected by the Second Amendment, Defendants are propagating customs, policies, and practices that violate the Second Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

12

## SECOND CLAIM FOR RELIEF
## U.S. CONST., AMEND. V,  42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

59.    Paragraphs 1 through 58 are incorporated as though fully stated herein.

60.    Defendants' adoption of the California approved handgun roster violates Plaintiffs' rights to equal protection of the law as guaranteed by the Fifth Amendment to the United States Constitution, in that Defendants allow some people access to handguns barred to plaintiffs, and otherwise make arbitrary, capricious, irrational, and otherwise unjustifiable distinctions among the handguns that Defendants deign to allow Plaintiffs in Plaintiffs' exercise of fundamental Second Amendment rights.  Defendants are thereby propagating customs, policies, and practices that violate the Fifth Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983.  Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against defendants as follows:

1.    An order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing D.C. Code § 7-2502.02(a)(5) and Section 504 of the Firearms Control Regulations Act of 1975, as amended December 16, 2008.

2.    Costs of suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

3.    Declaratory relief consistent with the injunction; and

4.    Any other further relief as the Court deems just and appropriate.

Dated: March 9, 2009

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: _____
Alan Gura

Attorney for Plaintiffs