UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACEY AMBEAU HANSON, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 09-00454 (RMU) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | **Jury Trial Demanded** |
| ) | |
| Defendants. ) | |

ANSWER

Pursuant to Fed. R. Civ. P. 7(a) and 8(b), the District of Columbia and Chief Cathy Lanier (collectively, "the District"), by and through undersigned counsel, hereby respectfully answer the Complaint ("Complaint") in the above-captioned case (comprising 14 pages, and 65 numbered and unnumbered paragraphs). For ease of reference only, the District utilizes the headings appearing in the Complaint in responding to the paragraphs of the Complaint below.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

SECOND DEFENSE

In response to the numbered allegations of the Complaint, the District states as follows:

**COMPLAINT**

The allegations in the unnumbered paragraph which appear directly following the heading "COMPLAINT" are plaintiffs' legal conclusions to which no answer is required.

THE PARTIES

1. The allegations in paragraph 1 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits the

allegations.

2. The allegations in paragraph 2 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits the allegations.

3. The allegations in paragraph 3 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits the allegations.

4. The allegations in paragraph 4 of the Complaint are plaintiffs' factual characterizations and legal conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

5. The District admits that it is "a municipal entity organized under the Constitution and laws of the United States."

6. The District admits the allegations in the first sentence of paragraph 6 of the Complaint. The remainder of the allegations in paragraph 6 are plaintiffs' legal conclusions to which no answer is required.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

8. The allegations in paragraph 8 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

## STATEMENT OF FACTS

9. The District admits the referenced text appears in the Second Amendment to the Constitution.

10. The allegations in paragraph 10 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

*Defendants' "Handgun Roster" Scheme*

11. The District admits that the quoted text appears in the referenced legislation.

12. The District denies the allegations in paragraph 12 of the Complaint; the referenced language is not yet law, pending congressional review.

13. The allegations in paragraph 13 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

14. The District admits that the quoted text is contained in the referenced legislation, but notes that the referenced language is not yet law, pending congressional review.

15. The allegations in paragraph 15 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

16. The District admits that the quoted text is contained in the referenced California legislation.

17. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 17 are plaintiffs' legal conclusions to which no answer is required.

18. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 18 are plaintiffs' legal conclusions to which no answer is required.

19. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 19 are plaintiffs' legal conclusions to which no answer is required.

20. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 20 are plaintiffs' legal conclusions to which no answer is required.

21. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 21 are plaintiffs' legal conclusions and factual characterizations to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

22. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 22 are plaintiffs' legal conclusions to which no answer is required.

23. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 23 are plaintiffs' legal conclusions to which no answer is required.

24. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 24 are plaintiffs' legal conclusions to which no answer is required.

25. The District admits the allegations in paragraph 25 of the Complaint, to the extent they correctly reflect the California legislation.

26. The District admits that the quoted text is contained in the referenced California

legislation.

27. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 27 are plaintiffs' legal conclusions to which no answer is required.

28. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 28 are plaintiffs' legal conclusions to which no answer is required.

29. The allegations in paragraph 29 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

*Narrow and Counter-Productive Nature of the "Handgun Roster" Scheme*

30. The allegations in paragraph 30 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

31. The allegations in paragraph 31 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

32. The allegations in paragraph 32 of the Complaint are plaintiffs' factual conclusions to which no answer is required.

33. The allegations in paragraph 33 of the Complaint are plaintiffs' factual conclusions to which no answer is required.

34. The allegations in paragraph 34 of the Complaint are plaintiffs' factual conclusions to which no answer is required.

35. The allegations in paragraph 35 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District admits the allegations.

*Exemptions from the "Handgun Roster" Scheme*

36. The District admits that the quoted text is contained in the referenced legislation.

37. The allegations in paragraph 37 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

38. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 38 are plaintiffs' legal conclusions to which no answer is required.

39. The District admits that the quoted text is contained in the referenced federal regulation.

40. The District admits that the quoted text is contained in the referenced California legislation; the remaining allegations in paragraph 40 are plaintiffs' legal conclusions to which no answer is required.

41. The allegations in paragraph 41 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

42. The allegations in paragraph 42 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

43. The allegations in paragraph 43 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

44. The allegations in paragraph 44 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

*Defendants' Enforcement of the "Handgun Roster" Scheme Against Plaintiffs:*

*Denying Registration of a Handgun Because It Is Not In An Approved Color*

45. The District admits that it denied the referenced registration application, but denies the remainder of the allegations in paragraph 45 of the Complaint.

46. The District admits that the referenced models are "listed on the approved handgun roster," but denies the remainder of the allegations in paragraph 46 of the Complaint.

47. The allegations in paragraph 47 of the Complaint are plaintiffs' legal conclusions and speculation to which no answer is required.

48. The allegations in paragraph 48 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

49. The allegations in paragraph 49 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations.

*Denying Registration of a Handgun Previously Listed on the Roster*

50. The District admits that it denied the referenced registration application, but denies the remainder of the allegations in paragraph 50 of the Complaint.

51. The District lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations in paragraph 51 of the Complaint.

*Denying Registration of a Handgun Held Protected Under the Second Amendment*

52. The District admits that it denied the referenced registration application, but denies the remainder of the allegations in paragraph 52 of the Complaint.

53. The allegations in the first sentence of paragraph 53 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District admits that it issued a registration certificate for the handgun at issue in the *Heller* case.

## FIRST CLAIM FOR RELIEF
## U.S. CONST., AMEND. II, 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

54. The allegations in paragraph 54 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 53.

55. The allegations in paragraph 55 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

56. The allegations in paragraph 56 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

57. The allegations in paragraph 57 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

58. The allegations in paragraph 58 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

## SECOND CLAIM FOR RELIEF
## U.S. CONST., AMEND. V, 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

59. The allegations in paragraph 59 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 58.

60. The allegations in paragraph 60 of the Complaint are plaintiffs' legal and factual conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

PRAYER FOR RELIEF

The allegations in the one unnumbered and four numbered paragraphs which appear directly following the heading "PRAYER FOR RELIEF" are plaintiffs' prayer for relief to which no answer is required; however, to the extent a response is required, the District denies that any relief should be awarded and requests that this Court dismiss the Complaint with plaintiffs taking nothing by way of damages, fees, or costs against the District.

The District further answers that all allegations in the Complaint which are not specifically admitted or otherwise answered are hereby denied.

**THIRD DEFENSE**

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

**FOURTH DEFENSE**

The District and its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

**FIFTH DEFENSE**

Neither attorneys' fees nor costs are recoverable against the District in this case.

**SIXTH DEFENSE**

Plaintiffs may not have standing to proceed on all their claims.

**SEVENTH DEFENSE**

The District reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), the defendants hereby demand trial by jury by the greatest number of jurors permitted by law on all claims.


DATE: March 30, 2009            Respectfully submitted,

                                PETER J. NICKLES
                                Attorney General for the District of Columbia

                                GEORGE C. VALENTINE
                                Deputy Attorney General, Civil Litigation Division

                                     /s/ Ellen A. Efros
                                ELLEN A. EFROS, D.C. Bar No. 250746
                                Chief, Equity Section I
                                441 Fourth Street, N.W., 6th Floor South
                                Washington, D.C. 20001
                                Telephone: (202) 442-9886

                                     /s/ Andrew J. Saindon
                                ANDREW J. SAINDON, D.C. Bar No. 456987
                                Assistant Attorney General
                                Equity I Section
                                441 Fourth Street, N.W., 6th Floor South
                                Washington, D.C. 20001
                                Telephone: (202) 724-6643
                                Facsimile: (202) 727-0431
                                andy.saindon@dc.gov