IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRACEY HANSON, et al., | ) | Case No. 09-CV-0454-RMU |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OF POINTS** |
| | ) | **AND AUTHORITIES IN** |
| v. | ) | **OPPOSITION TO MOTION TO** |
| | ) | **CONSOLIDATE** |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO CONSOLIDATE**

**COME NOW** the Plaintiffs, Tracey Ambeau Hanson, Gillian St. Lawrence, Paul St. Lawrence, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Memorandum of Points and Authorities in Opposition to Defendants' Motion to Consolidate.

Dated: April 13, 2009        Respectfully submitted,

                                              Alan Gura (D.C. Bar No. 453449)
                                              Gura & Possessky, PLLC
                                              101 N. Columbus Street, Suite 405
                                              Alexandria, VA 22314
                                              703.835.9085/Fax 703.997.7665

                                     By:  /s/Alan Gura/
                                            Alan Gura

                                              Attorney for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE

## PRELIMINARY STATEMENT

The touchstone of any motion to consolidate multiple matters is judicial economy. For that reason alone, the instant motion should be denied. Given the procedural posture and substantive scope of the two cases proposed for consolidation, consolidation would be counter-productive to the Court's efficient resolution of the litigation. Consolidation is especially unwarranted considering the fortuity that both cases have already been assigned to the same District Judge, substantially reducing (if not eliminating) the chances of inconsistent results.

## STATEMENT OF FACTS

Case No. 08-1289 ("*Heller II*") was first filed July 18, 2008. Defendants answered the First Amended Complaint in that matter August 28, 2008. On October 1, 2008, and again on January 5, 2009, the parties to that action filed status reports containing the following language: "The parties agree that no other parties shall be joined or the pleadings amended."

Notably, the second of these status reports was filed *after* the Defendants' adoption of the California Roster of Handguns Certified for Sale, and indeed, referenced that legislation. Yet no action was taken to amend *Heller II* to address that legislation; rather, the January 5, 2009 status report stated that no amendments would be forthcoming.

This action was filed March 9, 2009, challenging only the Defendants' adoption of the California Roster, and avoiding any of the issues raised in *Heller II*. Only two weeks later did Plaintiffs in *Heller II* seek to amend their complaint to allege the unconstitutionality of the California Roster, triggering the instant motion, among other claims.

The current operative complaint in *Heller II* attacks a broad smorgasbord of the District's gun laws, raising numerous different issues having little or nothing to do with the constitutionality of the handgun roster. In addition to the roster challenge, *Heller II* includes claims that the District may not: (1) charge a fee to operate its registration program, (2) require ballistic fingerprinting of registered handguns, (3) require handgun training as a prerequisite to handgun purchase, (4) require the re-registration of firearms, (5) ban so-called "assault weapons," and (6) impose magazine capacity restrictions on various arms.

Since July 18, 2008, nothing has been done to advance the resolution of *Heller II*. Defendants in *Heller II* now suggest their dispositive motions would be filed within 60 days of a decision on this motion, with a 30 day opposition period and a 15 day reply period. Today, however, Plaintiffs in the instant action have moved for summary judgment. Defendants' opposition to that motion is due April 27.

## ARGUMENT

Defendants bear the burden of demonstrating that the two cases have sufficient common issues of fact or law that warrant consolidation under the circumstances. *Webb* v. *Goord*, 197 F.R.D. 98, 101 (S.D.N.Y. 2000). This burden cannot be met.

Although both cases challenge the constitutionality of one particular law, the *Heller II* matter adds at least another six disputes to the mix, many of which have nothing remotely to do with the sort of analysis required by Plaintiffs' claims in this case. Whatever the wisdom of trying to resolve, in a single action, nearly every conceivable legal attack on the District's gun laws, it is clear that such an approach takes more time and Court resources, and leaves the litigants less space in which to more fully develop arguments with respect to each particular theory, than a narrower, considered approach. Plaintiffs are not unsympathetic to some of the *Heller II*

plaintiffs' numerous theories and claims, but resolving these matters should not hold up or distract from Plaintiffs' attempts to gain the significantly narrower relief they seek. This is especially so considering that Plaintiffs have already filed their summary judgment motion. And considering the very different scopes of the two cases, it appears unlikely that *Heller II* could add anything to the consideration of the laws at issue here.

For their part, the *Heller II* plaintiffs, who have taken no position on the consolidation motion, would not be harmed by its denial. Their counsel, a long-time outside attorney for the National Rifle Association (which is backing the *Heller II* case), would be able to participate as counsel for an amicus curiae in this matter should the *Heller II* parties and their sponsor find that to be warranted. Nor is it clear exactly what benefit Defendants hope to gain from seeking consolidation, apart from delay. If the *Heller II* plaintiffs persist in challenging the California Roster on grounds similar to those offered in this case, Defendants could simply incorporate their arguments here into the other matter. In any event, this case can be resolved much quicker and more easily than *Heller II*.

None of the parties in either case appears to expect a trial, having either already filed a summary judgment motion or agreed to resolution on cross-motions for summary judgment.[1] Consolidation would not alleviate any hardships arising from competing trials. Finally, and significantly, both cases are already assigned to the same District Judge. To the extent there is any (minimal) overlap between the two cases, the risk of inconsistent results is yet lower still.

---

[1] Plaintiffs would challenge Defendants' jury trial demand as wholly unnecessary considering the nature of this action.

## CONCLUSION

This case has very little to do with *Heller II*, and can and should be resolved much sooner given its limited scope and the fact that a summary judgment motion in this case is already pending. No prejudice would befall anyone by denying consolidation, and the risk of inconsistency is not obvious given the fortuitous case assignments.

Respectfully, the motion to consolidate should be denied.

Dated: April 13, 2009               Respectfully submitted,

                                              Alan Gura (D.C. Bar No. 453449)
                                              Gura & Possessky, PLLC
                                              101 N. Columbus Street, Suite 405
                                              Alexandria, VA 22314
                                              703.835.9085/Fax 703.997.7665

                             By:   /s/Alan Gura
                                         Alan Gura

                                         Attorney for Plaintiffs