UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRACEY AMBEAU HANSON, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-00454 (RMU) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' REPLY

Pursuant to Fed. R. Civ. P. 7(d), defendants (collectively, "the District") hereby briefly reply to plaintiffs' opposition to defendants' motion to consolidate, as follows:

1. Plaintiffs' *pro forma* opposition—barely three pages in length—contains no citations to controlling case law. Plaintiffs' Motion for Summary Judgment, filed within minutes of its instant opposition, is an obvious attempt to do an "end run" around the District's motion to consolidate and force a precipitate response to the complicated issues underlying both cases.

2. Plaintiffs assert without explanation that "consolidation would be counter-productive to the Court's efficient resolution of the litigation." Opp. at 2.

3. Plaintiffs do not dispute that "the suits are both in their nascent stages and have common parties and allegations . . . ." *Blasko v. WMATA*, 243 F.R.D. 13, 16 (D.D.C. 2007). Plaintiffs concede that they, like the plaintiffs in *Heller v. District of Columbia*, No. 08-01289 (RMU), challenge the District's use of the "California Roster of Handguns Certified for Sale" in the Firearms Control Amendment Act of 2008, D.C. Act 17-708. Plaintiffs, by filing a separate dispositive motion at this stage, on the heels of their opposition, also concede that no factual discovery is necessary or warranted.

4. Both the *Hanson* and *Heller* plaintiffs demand the same relief—a declaratory judgment that the disputed provisions of District law violate the Second Amendment, and permanent injunctive relief enjoining the District from enforcing those provisions.

5. "[C]ourts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Blasko v. WMATA*, 243 F.R.D. 13, 15 (D.D.C. 2007) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)).

6. Plaintiffs state, in conclusory fashion, that consolidation here would "tak[e] more time and Court resources, and leav[e] the litigants less space in which to more fully develop arguments with respect to each particular theory . . . ." Opp. at 3. Plaintiffs have it exactly backwards.

7. Plaintiffs purport not to know what "benefit" the District would gain from consolidation, but it should be obvious that consolidation would take *less* time and resources (both as to the District and the Court, if not to plaintiffs), and would give "more space" for *all* parties to fully develop their arguments, especially as the *Heller* plaintiffs have already proposed June 15, 2009, as the date by which the parties would submit their cross-dispositive motions.

8. The instant plaintiffs apparently seek to confine the District to the considerably shortened time frame envisioned by their motion. Of course, if the Court grants the motion to consolidate, the instant plaintiffs would have the benefit of consulting and conferring with the experienced counsel in *Heller* to further refine and augment their arguments regarding the California Roster. To the extent the *Heller* plaintiffs will raise and argue additional theories, that effort obviously will have no impact on the instant plaintiffs but for the possibility of a brief delay in the resolution of their claims. What the District would gain in consolidation is the opportunity to focus its arguments in one set of briefs, instead of responding on two different

schedules to arguments that will be (at least in part) substantially similar. The Court would similarly benefit by having only two sets of briefs on these Second Amendment issues and a coordinated briefing schedule.

9. In light of the above, and the arguments in its motion, the District avers that consolidation would serve the interests of judicial economy and reduce the litigation burden on the defendants and the Court. "[C]onsolidation would increase efficiency . . . by achieving judicial economy in the adjudication of potentially dispositive motions involving similar material facts . . . and common questions of law." *Chang*, 217 F.R.D. at 266–67.

DATE: April 15, 2009　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　PETER J. NICKLES
　　　　　　　　　　　　　　　　　　Attorney General for the District of Columbia

　　　　　　　　　　　　　　　　　　GEORGE C. VALENTINE
　　　　　　　　　　　　　　　　　　Deputy Attorney General, Civil Litigation Division


　　　　　　　　　　　　　　　　　　　　/s/ Ellen A. Efros
　　　　　　　　　　　　　　　　　　ELLEN A. EFROS, D.C. Bar No. 250746
　　　　　　　　　　　　　　　　　　Chief, Equity Section I
　　　　　　　　　　　　　　　　　　441 Fourth Street, N.W., 6th Floor South
　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　Telephone: (202) 442-9886
　　　　　　　　　　　　　　　　　　Facsimile: (202) 727-0431


　　　　　　　　　　　　　　　　　　　　/s/ Andrew J. Saindon
　　　　　　　　　　　　　　　　　　ANDREW J. SAINDON, D.C. Bar No. 456987
　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　Equity I Section
　　　　　　　　　　　　　　　　　　441 Fourth Street, N.W., 6th Floor South
　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　Telephone: (202) 724-6643
　　　　　　　　　　　　　　　　　　Facsimile: (202) 727-0431
　　　　　　　　　　　　　　　　　　andy.saindon@dc.gov