IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRACEY HANSON, et al., | ) | Case No. 09-CV-0454-RMU |
| | ) | |
| Plaintiffs, | ) | PLAINTIFFS' MEMORANDUM |
| | ) | OF POINTS AND AUTHORITIES |
| v. | ) | IN OPPOSITION TO |
| | ) | DEFENDANTS' MOTION FOR |
| DISTRICT OF COLUMBIA, et al., | ) | STAY |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION FOR STAY

COME NOW the Plaintiffs, Tracey Ambeau Hanson, Gillian St. Lawrence, Paul St. Lawrence, and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Memorandum of Points and Authorities in Opposition to Defendants' Motion for A Stay of Proceedings.

Dated: April 24, 2009

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: /s/Alan Gura/
    Alan Gura

Attorney for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION FOR STAY

PRELIMINARY STATEMENT

Defendants' motion for an indefinite stay of these proceedings, at the end of which they anticipate seeking an additional extension of time of unspecified length, simply lacks merit. Even if the Court were to grant Defendants their requested relief on their outstanding motion to consolidate, doing so would not justify giving them an extension to respond to the outstanding motion for summary judgment in *this* case, much less an indefinite extension.

Moreover, the District has a history in this area of attempting to use motions to stay to deprive civil rights litigants of their day in court. In Plaintiffs' counsel's experience, the District is apt to convert a requested stay into a dispositive device.

If Defendants desired some set amount of additional time to respond to the summary judgment motion, they could have simply proposed some amount of additional time, and assuming there were good cause for such a request, Plaintiffs might have consented.[1] But this motion lacks any merit and should be denied.

STATEMENT OF FACTS

Because this motion is hinged on Defendants' earlier and as yet pending motion to consolidate, a review of some of Defendants' claims related to that motion is in order as a preliminary matter. First, Plaintiffs are puzzled by the allegation that the summary judgment motion "is an obvious attempt to do an 'end run' around the District's motion to consolidate and force a precipitate [sic] response to the complicated issues underlying both cases." Mot. to

---

[1] In practice, Plaintiffs' counsel consents to approximately half of the District's numerous requests for extension of time.

1

Consol. Reply, at 1. The timing of that motion was consistent with the rules and, as Defendants know, Plaintiffs' counsel's usual practice in cases raising pure issues of law.

The purpose of the summary judgment motion is to win the case. Under Rule 56, plaintiffs' motions for summary judgment are timely if filed within 20 days of the initiation of the litigation. This action was filed March 9, 2009. The motion for summary judgment was filed April 13, 2009, thirty-four days after the filing of the complaint. In contrast, Plaintiffs' counsel filed the case that culminated in *District of Columbia* v. *Heller*, 128 S. Ct. 2783 (2008), on February 10, 2003. *Parker* v. *Dist. of Columbia*, 03-CV-0213-EGS.[2] The motion for summary judgment in that case, granted by the D.C. Circuit and affirmed by the Supreme Court, was filed March 14, 2003 – thirty-two days later.

Second, it bears noting that this case was filed more than two weeks prior to the amendment in *Heller* v. *District of Columbia*, No. 08-1289 ("*Heller II*"), which included a claim overlapping the only issue in this case. Yet it also bears noting that this case is of very limited scope compared to *Heller II*. Nothing in Plaintiffs' summary judgment motion calls upon Defendants to respond to any of the numerous legal theories and issues raised in that action, apart from the one claim Plaintiffs raised weeks before *Heller II* addressed the same ground.

This action involves a highly detailed examination of Defendants' adoption of the so-called "California Roster of Handguns Certified for Sale." The complaint contains 60 main paragraphs spanning 13 pages, and the summary judgment motion is heavily supported. The case describes the unique experiences of three individual plaintiffs frustrated by the challenged law in

---

[2]Plaintiffs' counsel in this case represented Mr. Heller in his previous case, but obviously, has no involvement with Mr. Heller in the latter's current case.

different ways. In contrast, *Heller II* devotes only 11 paragraphs to the issue, which is explored through a single incident. *Heller II* Plaintiff Absalom Jordan's experience in having a registration denied for a gun never placed on the roster is not materially different from *Hanson* Plaintiff Paul St. Lawrence's experience.[3]

The District's previous handgun ban was first struck down March 9, 2007, by the D.C. Circuit, a decision affirmed June 26, 2008, by the Supreme Court. The District did not enact the current handgun ban at issue in this case until December 16, 2008. The city thus had a great deal of time to consider the constitutional problems inherent in banning large numbers of commonly-used guns, but Attorney General Peter Nickles was sanguine about the new law: "I think it will stand up in court." Gary Emerling, *Council OK's "Good, Balanced" Gun Regulations*, Washington Times, Dec. 17, 2008.

Now that the law is being challenged in Court, the District seeks an indefinite stay. The stay first depends on the timing of the Court's decision on the motion to consolidate, and even if the District were to lose that motion, it already promises it would then "likely need *additional* time" to respond to the summary judgment motion. Mot. for Stay, at pp. 2-3.

Counsel has had some experience with the District's requests for stays in this area. Two months after the filing of *Parker*, and after *Parker* was ready for decision on summary judgment (the District initially neglected to oppose the motion), counsel in *Heller II* filed a copy-cat action, *Seegars* v. *Dist. of Columbia*, No. 03-0834-RBW. The Court denied *Seegars/Heller II*'s counsel's motion to consolidate the cases, and in the course of time, *Seegars* was resolved before

---

[3]Although in Mr. St. Lawrence's case, that precise model handgun was held by the Supreme Court to be protected under the Second Amendment.

3

*Parker* in the District Court. On appeal, the District successfully moved the D.C. Circuit to stay the briefing in *Parker*. Then, after *Seegars* was affirmed by the D.C. Circuit, the District spent almost a year engaged in a multiple motions practice seeking summary affirmance of *Parker*. Eventually these efforts proved unsuccessful, and plaintiffs in *Parker* prevailed on appeal. But counsel is wary of the District's indefinite stays that seem to favor later-filed actions.

ARGUMENT

DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN FOR OBTAINING A STAY OF THESE PROCEEDINGS.

There is simply no basis for granting Defendants' motion. It is axiomatic that the public, the Court, and litigants have an interest in seeing the orderly enforcement and operation of the Rules of Civil Procedure. The Court has the power to stay proceedings, but that is not the usual course of business.

> The overall interest of the courts that justice be done may very well require that the . . . remedy due a civil plaintiff should not be delayed (and possibly denied). The court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side.

*Gordon* v. *Federal Deposit Ins. Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1970).

As this Court has held, "The Supreme Court has guided that 'the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [the movant] prays will work damage to some one else.' Thus, the [movant] shoulders the burden in demonstrating a 'clear case of hardship.'" *Hisler* v. *Gallaudet Univ.*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (citation omitted).

"The party requesting such a stay must make out a clear case of hardship or inequity in order to prevail . . . . the right to proceed in court should not be denied except under the most

4

extreme circumstances." *GFL Advantage Fund, Ltd.* v. *Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003) (citations omitted)

What is the "clear case of hardship or inequity" before the Court? What are "the most extreme circumstances" present here? Defendants' motion does not describe any.

Plaintiffs have filed a motion for summary judgment. Another group of plaintiffs have filed a complaint making numerous allegations, including, almost in passing, allegations that duplicate *some* of the issues in this case. It is highly unlikely that anything in *Heller II* could add to the discussion of the California Handgun Roster law thoroughly examined in this case. Plaintiffs in this case have already filed their motion for summary judgment and are not interested in revising it.

Under very similar circumstances, this Court has rejected a request for a stay:

> The [movant] in the instant case contends that she seeks to avoid adverse legal impact and interference of this claim on related pending cases. But stating a possibility of inconsistencies in rulings on the same issue, without any explanation on how her claim will suffer any harm, does not establish, in itself, a 'clear case of hardship.'

*Hisler*, 344 F. Supp. 2d at 35 (citation omitted).

Moreover, since the stay is requested in order to wait for a decision on a motion to consolidate the two cases, the motion, if granted, should still have no effect on the need to respond to the summary judgment motion, because the two cases would still retain their separate identity on this point. *Johnson* v. *Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933).

In contrast, the harm to Plaintiffs of an indefinite stay is manifest. The District may not care for it, but the Second Amendment has been held to guarantee a fundamental constitutional right. The challenged law clearly implicates Plaintiffs' constitutional rights, and the interest in

5

having this case not delayed indefinitely is thus strong.  There is also no guarantee that the District will not, as it has before, abuse a stay to then seek to deprive Plaintiffs of even being heard on a claim that courts would later find compelling.

Finally, it is difficult to forget that the Attorney General vowed that the law is constitutional five months ago.  Presumably, the District imagined that banning almost 90% of all handguns, after having a 100% handgun ban struck down by the Supreme Court, would prompt litigation such as this.  And presumably, the District engaged in some sort of legal analysis that would back up the Attorney General's claims that the new law is constitutional.

It is time for Plaintiffs, the public, and the Court, to have the benefit of that legal analysis, and for the city to respond to the outstanding motion for summary judgment in this action.

## CONCLUSION

Even if the Court consolidates the cases – and it should not, considering they have so little in common – that would not alter Defendants' obligations to follow the Rules of Civil Procedure and timely respond to the motion for summary judgment.  Granting the stay, however, is unwarranted given the complete lack of basis for a stay, and the harm that would befall Plaintiffs.  Respectfully, the motion for an indefinite stay should be denied.

Dated:  April 24, 2009                        Respectfully submitted,

                                              Alan Gura (D.C. Bar No. 453449)
                                              Gura & Possessky, PLLC
                                              101 N. Columbus Street, Suite 405
                                              Alexandria, VA 22314
                                              703.835.9085/Fax 703.997.7665

                                          By: /s/Alan Gura_____
                                              Alan Gura
                                              Attorney for Plaintiffs