UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRACEY AMBEAU HANSON, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-00454 (RMU) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' REPLY

Pursuant to Fed. R. Civ. P. 7(d), defendants (collectively, "the District") hereby briefly reply to plaintiffs' opposition to defendants' motion for stay, as follows:

1. Plaintiffs mischaracterize the District's motion as seeking an "indefinite" stay. The District did not propose a fixed time frame because its motion was predicated on the pending motion to consolidate, and the timelines implicated by that motion. The District sought only a stay until a decision on the motion to consolidate issues, within which, presumably, the Court will address the timing of the District's response to plaintiffs' dispositive motion. Consequently, the District's request cannot reasonably be seen as requesting an "endless" postponement of briefing.

2. The District is unclear as to the relevance of plaintiffs' citations to the docket in *Parker v. District of Columbia*, 03-CV-0213 (EGS), as indicating a similar timeframe in which the same counsel filed motions for summary judgment there. But plaintiffs fail to note that the District in *Parker* filed timely a motion to extend its response, which plaintiffs opposed. *See id.*, Dkt. No. 5, 6. The Court there nonetheless promptly granted the District's motion, establishing a

deadline some 47 days later (which was 60 days from when the District filed its motion for extension).

3. The District, obviously, would be perfectly content if the Court adopted the *Parker* timeframes for dispositive briefing here, notwithstanding the motion to consolidate.

4. With all due respect to plaintiffs, it appears that they want to have it both ways: In their opposition to the motion to consolidate, they characterize their complaint as "significantly narrower" than the one at issue in *Heller v. District of Columbia*, 08-1289 (RMU), but here aver that their dispositive motion is "a highly detailed examination" and "heavily supported." P.Opp. at 3. Plaintiffs' apparent concession that the "thoroughly examined," *id*. at 5, issues implicated herein are complex would seem to provide support for the reasonableness of the District's request.

5. Plaintiffs also chide the District for noting it would "likely need additional time" if the motion to consolidate were denied. To the extent the matter is unclear, the District avers that it, in fact, will need additional time (beyond the April 27 deadline) to respond to plaintiffs' "highly detailed" and "heavily supported" dispositive motion, for the reasons discussed in the motion for stay. While the District appreciates opposing counsel's offer, today, of an extra week to respond, that offer misses the District's point—that a stay here should be long enough to conserve the resources of the Court and the parties, and enhance judicial economy and efficiency.

6. Plaintiffs assert that the District's request should be denied because "the right to proceed in court should not be denied except under the most extreme circumstances." P.Opp. at 4–5 (quoting *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189, 193 (D.D.C. 2003)). That holding is inapposite, for a number of reasons. The movant there was a third party, seeking to

stay compliance with a subpoena issued by a judgment creditor seeking information on the debtor regarding his ability to pay a "judgment in favor of GFL in excess of $21 million" entered some three years prior. *GFL Advantage*, 216 F.R.D. at 192. Moreover, the third party (the debtor's law firm) was seeking a stay pending resolution of a similar subpoena issue in another court, where it also raised numerous attorney-client privilege issues. *Id*. at 193.

7. Here, of course, the litigation is in its beginning stages, plaintiffs are not merely seeking post-judgment discovery, but summary judgment, and the District has moved for a brief stay pending resolution of a motion before this Court. Thus, plaintiffs' right to proceed in court will not be "denied," but briefly postponed.

8. Finally, plaintiffs allude to the District's previous "abuse [of] a stay . . . to deprive Plaintiffs of even being heard . . . ." P.Opp. at 6. While unclear, the District assumes plaintiffs refer to the District's invocation of lack-of-standing as a defense in the *Parker* matter. The District is not aware of any case law finding that invoking that defense (which was successful as to five of the six original plaintiffs in that matter) is an "abuse" of a stay, and plaintiffs have not provided any.

9. The District avers that plaintiff have not successfully rebutted the District's showing of good cause in support of a stay, in light of the Court's broad discretion to "'weigh [the] competing interests' of itself, counsel, and the litigants involved." *Barton v. District of Columbia*, 209 F.R.D. 274, 278 (D.D.C. 2002) (quoting *Dellinger v. Mitchell*, 442 F.2d 782, n.7 (D.C. Cir. 1971)). A brief stay is warranted here to conserve the resources of the Court and the defendants, and would be in the public interest. *Feld Entertainment, Inc. v. ASPCA*, 523 F.Supp.2d 1, 4–5 (D.D.C. 2007) ("Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its

consequences, if the public welfare or convenience will thereby be promoted.") (quoting *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971)).

DATE: April 24, 2009    Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


        /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Chief, Equity Section I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431


        /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov