**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| TRACEY HANSON *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 09-0454 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 7, 12 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION TO CONSOLIDATE AND
DENYING AS MOOT THE DEFENDANTS' MOTION TO STAY PENDING BRIEFING

**I. INTRODUCTION**

This matter is before the court on the defendants' motion to consolidate. The plaintiffs, residents of the District of Columbia ("the District"), challenge the constitutionality of the rule prohibiting certain handguns from being manufactured, sold, given, loaned, exposed for sale, transferred or imported into the District. The defendants enacted the rule in the wake of the Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) ("*Heller I*"). The defendants ask the court to order that the instant action be consolidated with *Heller v. District of Columbia*, Civil Action No. 08-1289 ("*Heller II*"). The plaintiffs oppose the motion. Because the court determines that the relevant factors weigh in favor of consolidating the two cases, it grants the defendants' motion. As a result, the court denies as moot the defendants' motion to stay the proceedings pending briefing on the motion to consolidate.

## II.  FACTUAL & PROCEDURAL BACKGROUND

### A.  *Heller I* and the District's Response

In *Heller I*, released on June 26, 2008, the Supreme Court held that "the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense." 128 S. Ct. at 2821-22.  Following the release of the *Heller I* decision, the District enacted the Firearms Control Emergency Amendment Act of 2008 ("the Firearms Control Act"), 55 D.C. REG. 8237-39 (Aug. 1, 2008), the Inoperable Pistol Emergency Amendment Act of 2008 ("the Inoperable Pistol Act"), 56 D.C. REG. 927-30 (Jan. 30, 2009), and the Firearms Registration Amendment Act of 2008 ("the Firearms Registration Act"), 56 D.C. REG. 1365-80 (Feb. 13, 2009).  Section 504 of the Firearms Registration Act, approved on January 28, 2009, established that with a few exceptions,

> beginning January 1, 2009, a pistol that is not on the California Roster of Handguns Certified for Sale, (also known as the California Roster of Handguns Determined Not to be Unsafe), pursuant to California Penal Code § 12131, as of January 1, 2009, may not be manufactured, sold, given, loaned, exposed for sale, transferred, or imported into the District of Columbia.

*Id.* at 1377.

### B.  *Heller II*

The plaintiffs in *Heller II* brought suit on July 28, 2008, *see* Compl., *Heller II* (D.D.C. July 28, 2008), and filed a First Amended Complaint on July 29, 2008, *see* Am. Compl., *Heller II* (D.D.C. July 29, 2008), and a Second Amended Complaint on March 25, 2009, *see* 2d Am. Compl., *Heller II* (Mar. 25, 2009).  The Second Amended Complaint alleges, *inter alia*, that "§ 504 of the [Firearms Registration Act], which prohibits pistols not on the California Roster, and

D.C. Code § 7-2502.02(5), which prohibits registration of such pistols," infringe on the plaintiffs' Second Amendment right to bear arms. *Id.* ¶ 76.

### C. The Instant Action

The plaintiffs in the instant action filed suit on March 9, 2009. Like the plaintiffs in *Heller II*, they challenge the use of the California Roster in the Firearms Registration Act as unconstitutional. *See generally* Compl. On March 30, 2009, the defendants moved to consolidate this action with *Heller II*. *See generally* Defs.' Mot. The plaintiffs oppose the motion. *See generally* Pls.' Opp'n. The court turns now to the parties' arguments.

### III. ANALYSIS

### A. Legal Standard for Consolidation Under Rule 42(a)

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a). Consolidation of actions under Rule 42(a) is "a valuable and important tool of judicial administration." *Devlin*, 175 F.3d at 130 (internal quotations omitted). It helps to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002). To determine whether consolidation is appropriate, a court should consider both equity and judicial economy. *Devlin*, 175 F.3d at 130. If "savings of expense and gains of efficiency can be accomplished without sacrifice of justice," a court may find the actions merit consolidation. *Id.* (internal quotations omitted).

Actions that involve the same parties are apt candidates for consolidation. 9 FED. PRAC. & PROC. CIV. 3D § 2384. Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts. *Davis v. Buffalo Psychiatric Ctr.*, 1988 WL 47355, at *1 (W.D.N.Y. May 10, 1988). If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate. *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002). In short, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

### B. The Court Grants the Defendants' Motion to Consolidate

The defendants assert that the instant action should be consolidated with *Heller II* because "both sets of plaintiffs challenge the District's gun-control regime under both the Second Amendment and the Supreme Court's decision in [*Heller I*], under similar theories, and seek the same relief." Defs.' Mot. at 3. Furthermore, the defendants observe that both suits are in their nascent stages and share a common defendant. *Id.* As a result, the defendants claim that consolidation of the two actions would maximize judicial economy. *Id.*

The plaintiffs disagree. They point out that the instant action constitutes a narrow challenge to the constitutionality of the District's adoption of the California Roster, whereas the *Heller II* plaintiffs not only raise the same challenge, but also take issue with a host of other aspects of the District's gun laws. Pls.' Opp'n at 1-2. As a result, the plaintiffs predict it will take more time and resources to resolve the *Heller II* plaintiffs' claims than to resolve their claims. *Id.* Further, the plaintiffs declare that in contrast to their "narrower, considered approach," the litigants in *Heller II* will have "less space in which to more fully develop

4

arguments with respect to each particular theory." *Id.* at 2.  In sum, the plaintiffs maintain, "this case can be resolved much quicker and more easily than *Heller II*." *Id.* at 3.

In determining whether to exercise its discretion to order consolidation of the instant case and *Heller II*, the court weighs the time and effort that consolidation would conserve against any inconvenience, delay or expense that consolidation would cause for the parties or for the court. *Am. Postal Workers Union v. U.S. Postal Svc.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006); *see also* 9 FED. PRAC. & PROC. CIV. 3D § 2383.  The two actions proposed for consolidation share the same defendant;[1] in addition, the plaintiffs in both actions, though not the same, are all residents of the District of Columbia who seek to possess firearms.[2]  Compl. ¶¶ 1-3; 2d Am. Compl., *Heller II* (Mar. 25, 2009) ¶¶ 2-6.  Moreover, both actions present an identical question of law, namely, the constitutionality of the District's adoption of the California Roster.  Thus, consolidation would save time and effort for the court and for the defendants by resolving this issue in one proceeding rather than two.  *See, e.g.*, *Utah v. U.S. Dep't of Interior*, 45 F. Supp. 2d 1279, 1281 (D. Utah 1999) (ordering consolidation of cases brought by different plaintiffs against the same defendant because they presented the same issues of law and fact).

On the other hand, it is possible that consolidation would delay resolution of the issue for the plaintiffs in the instant action, given that it might take longer to resolve the host of claims the *Heller II* plaintiffs have raised than it would to resolve the plaintiffs' comparatively narrow

---

[1] Both actions name the District as a defendant.  Compl ¶ 5; 2d Am. Compl., *Heller II* (Mar. 25, 2009) ¶ 7.  In addition, the plaintiffs in the instant action name as a defendant the District's Chief of Police, Cathy Lanier, *see* Compl. ¶ 6, and the *Heller II* plaintiffs name as a defendant the District's Mayor, Adrian M. Fenty, *see* 2d Am. Compl., *Heller II* (Mar. 25, 2009) ¶ 8.  The same defense counsel is representing all three defendants in both actions.

[2] The Second Amendment Foundation is also named as a plaintiff in the instant action.  Compl. ¶ 4.

claims here.  But any delay caused to the plaintiffs would not be significant, as both cases are still in their nascent stages.  *Cf. Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989) (holding that consolidation was improper because the two actions were filed more than two years apart and the parties in the earlier-filed action were ready for trial, whereas the plaintiffs in the later-filed action still sought to designate experts and depose witnesses).  And in any event, it is the court's duty to consider not only the delay that consolidating the cases might cause for the plaintiffs, but also the delay that *not* consolidating the cases would cause for the defendants and for the court.  *See, e.g.*, *Devlin*, 175 F.3d at 130 (recognizing that consolidation is "a valuable and important tool of judicial administration" (quoting *Consorti v. Armstrong World Indus.*, 72 F.3d 1003, 1006 (2d Cir. 1995))).  Finally, the court rejects the plaintiffs' suggestion that they will have "less space in which to more fully develop [their] arguments" if the matters are consolidated.  The parties are fully able to brief – and the court is capable of rendering a well-reasoned judgment on – multiple issues within the context of one unified civil action.  On balance, the court concludes that the factors militate in favor of consolidation.

### IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to consolidate and denies as moot the defendants' motion to stay the action pending briefing on the motion to consolidate.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of May, 2009.

RICARDO M. URBINA
United States District Judge