UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DICK ANTHONY HELLER, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-01289 (RMU) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| TRACEY AMBEAU HANSON, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-00454 (RMU) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

NOTICE OF EMERGENCY RULEMAKING

The defendants respectfully note that, today, June 17, 2009, the Metropolitan Police Department ("MPD") adopted emergency rules establishing the District Roster of Handguns Determined Not to be Unsafe ("District Roster"). It is anticipated that the regulations will be published in this Friday's edition of the D.C. Register, 56 D.C. Reg. ____ (June 19, 2009).[1] A copy of the emergency regulations are attached hereto.

The emergency rules were adopted, *inter alia*, based on

---

[1] Under District law, emergency regulations are effective immediately, and will expire in 120 days or the publication of a Final Rulemaking, whichever occurs first. *See* D.C. Official Code § 2-505(c).

>1) recognition that California permits sale of firearms that have superficial differences to those firearms on its roster; 2) recognition that some handguns that have been placed on the California roster as safe handguns have been removed for administrative reasons not related to the handguns' safety; and 3) review of similar safe gun rosters maintained by Maryland and Massachusetts.

*Id*.

The emergency rulemaking "is necessary to . . . immediately clarify those firearms that should be added to the [District Roster] to continue the District's compliance with [*Heller v. District of Columbia*, ___ U.S. ___, 128 S. Ct. 2783 (Jun. 26, 2008)] concerning a person's constitutional right to legally possess a firearm in a person's home for the purpose of self-defense." *Id*.

The regulations include within the District Roster handguns listed on similar rosters from California, Massachusetts, and Maryland, "unless such pistol is an unregisterable firearm" pursuant to D.C. Official Code § 7-2502.02. *Id*., 24 DCMR § 2323.2.

>Moreover,
>
>A pistol shall be deemed to be included on the District Roster of Handguns Certified for Sale if another pistol made by the same manufacturer is already listed and the unlisted pistol differs from the listed firearm only in one or more of the following features:
>
>(a)   Finish, including, but not limited to, bluing, chrome-plating, oiling, or engraving.
>
>(b)   The material from which the grips are made.
>
>(c)   The shape or texture of the grips, so long as the difference in grip shape or texture does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the pistol.
>
>(d)   Any other purely cosmetic feature that does not in any way alter the dimensions, material, linkage, or functioning of the magazine well, the barrel, the chamber, or any of the components of the firing mechanism of the pistol.

*Id*., § 2323.3.

Any denial of an application relying on § 2323.3 may be appealed in the same manner as any other denial of an application for registration may be appealed. 24 DCMR §§ 2323.4, 2323.5.

Also today, the MPD sent letters to persons who previously had had their firearms-registration applications denied, inviting them to reapply in light of the new provisions. To the extent the instant plaintiffs may not have yet received such letters, they are similarly invited to reapply.

The District believes that these emergency regulations will render moot a number of plaintiffs' claims. Moreover, while the District worked expeditiously to correct perceived flaws in its firearms-regulation regime, the timing of that process was dependent on a number of factors outside the defendants' control, including potential action by Congress. In light of these developments, the District does not object to an alteration of the instant briefing schedule to allow plaintiffs to analyze and incorporate these new regulations.

DATE: June 17, 2009                    Respectfully submitted,

                                       PETER J. NICKLES
                                       Attorney General for the District of Columbia

                                       GEORGE C. VALENTINE
                                       Deputy Attorney General, Civil Litigation Division


                                            /s/ Ellen A. Efros
                                       ELLEN A. EFROS, D.C. Bar No. 250746
                                       Chief, Equity Section I
                                       441 Fourth Street, N.W., 6th Floor South
                                       Washington, D.C. 20001
                                       Telephone: (202) 442-9886
                                       Facsimile: (202) 727-0431

/s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov